UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL MICHAEL BREWER,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN TERESA BITTINGER; MARTY JACKLEY, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 4:24-CV-04021-RAL<br><br>ORDER DIRECTING SERVICE AND REQUIRING A RESPONSE AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL |

Petitioner Paul Michael Brewer filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Brewer raises five claims of ineffective assistance of counsel. Id. at 5, 7, 8, 12, 13. This Court is to dismiss a motion under § 2254 if it "plainly appears . . . that the petitioner is not entitled to relief[.]" Rule 4(b), Rules Governing § 2254 Cases. Based on the state court records attached to Brewer's petition, Doc. 1-1, it appears that his petition may be time barred, but the complete state court record is not yet available to the Court. Thus, this Court cannot determine with confidence that it "plainly appears" that Brewer is not entitled to any relief, although ultimately that may be the case. Thus, this Court directs the Clerk of Court serve a copy of all pleadings of record and this Order on Respondent and the Attorney General of the State of South Dakota. Respondent Warden Bittinger is directed to file an answer, and if she chooses a motion to dismiss and supporting memorandum.

Brewer moves for appointment of counsel. Doc. 4. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v.

Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id.

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B). That statute provides that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2254 . . . of title 28." The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citation omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id.

At this stage of the proceedings, the interests of justice do not require appointment of counsel. The ineffective assistance of counsel claims Brewer raises in his § 2254 petition mirror the claims he raised in his state habeas proceeding, during which he was represented by counsel. Brewer's petition demonstrates that he is capable of presenting and articulating his claims to this Court. In his motion for appointment of counsel, Brewer contends that inmates at the South Dakota State Penitentiary do not have access any persons trained in the law. Doc. 4 ¶ 3. Brewer also contends that he is not familiar with and unable to use the electronic legal research database that is available to inmates. Id. ¶ 4. Finally, Brewer asserts that he will be unable to investigate relevant facts because he is incarcerated. Id. ¶ 8.

In this case, Brewer's arguments are not a reason to appoint counsel. Because this Court has ordered a response to Brewer's petition, this Court will have access to Brewer's complete state court record, and the Court does not require the assistance of counsel to review that record. Claims of ineffective assistance of counsel do not present difficult questions of law that are unfamiliar to this Court. If the Court determines that an evidentiary hearing is necessary, the Court will appoint counsel for Brewer at that time. Thus, Brewer's motion for appointment of counsel, Doc. 4, is denied.

Therefore, it is hereby

ORDERED that the Clerk of Court serve a copy of all pleadings of record and this Order on Respondents Warden Bittinger and the Attorney General of the State of South Dakota. It is further

ORDERED that Respondents file an answer, and if they choose, a motion to dismiss and memorandum, within thirty days of service of the pleadings. It is finally

ORDERED that Brewer's motion for appointment of counsel, Doc. 4, is denied.

DATED this 6th day of March, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE
