UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL MICHAEL BREWER,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN TERESA BITTINGER,<br><br>Respondent. | 4:24-CV-04021-RAL<br><br><br>OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner Paul Michael Brewer, an inmate at the South Dakota State Penitentiary, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Brewer is currently serving a 65-year sentence after a jury found him guilty of three counts of first-degree rape and two counts of sexual contact with a child, in violation of SDCL §§ 22-22-1(1) and 22-22-7. State v. Brewer, 04CRI16-000032.[1] Brewer seeks relief from his state-court conviction and sentence, alleging his trial counsel was ineffective. Doc. 1 at 3–13. Respondent Warden Teresa Bittinger filed a motion for judgment on the pleadings, seeking to dispose of Brewer's petition without holding an evidentiary hearing. Doc. 14.

---

[1] This Court takes judicial notice of the court records in Brewer's state criminal proceeding, State v. Brewer, 04CRI16-000032, and state habeas proceeding, Brewer v. Young, 04CIV19-4, because the state court filings are public records that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. However, this Court does not take judicial notice of any facts underlying his state proceeding. See McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 914 (8th Cir. 2014) (distinguishing between judicial notice of the existence of another court's opinion and judicial notice of the facts underlying the case).

1

The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica L. Duffy issued a Report and Recommendation that Bittinger's motion for judgment on the pleadings be granted and Brewer's § 2254 petition be dismissed without holding an evidentiary hearing. Doc. 24 at 34. Bittinger, despite the recommendation that the motion be granted in her favor, timely filed an Objection to the Report and Recommendation, Doc. 25. Bittinger's objection contends that Grounds One, Two, and Three of Brewer's petition are vague and fail to satisfy habeas pleading requirements. Id. at 1–3. She further objects that Magistrate Judge Duffy improperly reached the merits of those claims. Id. Brewer did not file any specific objections to the Report and Recommendation but instead filed a general objection to dismissal and motion to modify his petition, Doc. 26, and a second motion to appoint counsel, Doc. 27. This Court has considered the case de novo, and for the reasons explained below, this Court adopts the Report and Recommendation in full.

I. **Factual and Procedural Background**

In her Report and Recommendation, Magistrate Judge Duffy provided a full factual and procedural background. Doc. 24 at 1–6. This Court has reviewed the facts and finds that they are supported by the record. Bittinger does not object to the facts but rather objects to the conclusion that Brewer satisfied the habeas factual pleading requirements for Grounds One, Two, and Three of his petition. Accordingly, this Court adopts the factual and procedural background as set forth in the Report and Recommendation, id., and restates the first three grounds and supporting facts raised in Brewer's petition, all of which alleged violations of his right to effective assistance of counsel as guaranteed by the Sixth Amendment:

2

1. Counsel's failure to properly conduct direct examination of his own witness, which at times, made it appear he was providing evidence for the state. Additionally, Counsel's failure to meet with and prepare Petitioner and witness for their direct examinations, failed to prepare Petitioner for questions about his criminal history and to follow up on the details on redirect. Petitioner's counsel asked his own witness, Stephanie Duffek, whether she had any reason to suspect sexual behavior between Petitioner and the alleged victim. Duffek's answer was that her behaviors were consistent with those you'll see in children that are sexually abused. (page 269) Counsel was forced to criticize his own witness during closing arguments.

Doc. 1 at 5.

2. [C]ounsel's failure to object to some of the states [sic] questions that were hersay [sic], irrevelant [sic], argumentative and other violations of the rules of evidence.

    Specifically, Petitioner's counsel failed to object to the following: During the direct and re-direct examination of the alleged victim, Petitioner's counsel failed to object to leading questions on pages 61, 62, 65, 66, 67, 68, 69, 70, 80, 81, 82, 84, 85, 88, 89. Additionally, his failure to object or bring a motion in limine on how the family viewed the alleged victim after the disclosure (page 93). Counsel failed to object to hearsay on pages 116 and 119. During the testimony of A.B. and Julie Meirose, Petitioner's counsel failed to object to hearsay/bolstering of the state's witness, (page 133 and 146). During the testimony of Deputy Crissey, Petitioner's counsel failed to object to hearsay/vouching for credibility of state's witness (pages 167, 172, and 179). During the testimony of Brian Schnabel, Petitioner's counsel failed to object . . . to hearsay, leading questions, and bolstering of the alleged victim on pages 279, 280, 281, and 419. On page 285, there was no objection to a question regarding Charlie Brown, which was not to be mentioned based on the court's ruling in a motion in limine. During the testimony of Petitioner, Petitioner's counsel failed to object to questions as argumentative on pages 396, 403, 408, and 410. Counsel failed to object to an irrelevant question about the alleged victim being out of the house on page 409. Petitioner's counsel failed to object to questions about videos/audios not in evidence. (Pages 413-414)

Id. at 7, 20.

3. [C]ounsel's failure to move for a mistrial for two occasions when the prosecution violated the [c]ourt's pre-trial order regarding images on his computer.

    The prosecutor repeatedly brought up computer images that were excluded by the court, and Petitioner's counsel's [sic] failed to move for a mistrial and had to be prompted to object by Petitioner.

Id. at 8.

Magistrate Judge Duffy found Grounds One, Two, and Three were exhausted and that the state habeas court's decision denying relief was neither contrary to federal law nor lacking reasonable support in the record. Doc. 24 at 15–26.

## II. Discussion

### A. Standard of Review

This Court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's report and recommendation, a district court judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Magistrate Judge Duffy provided an extensive, well-reasoned Report and Recommendation addressing the claims Brewer raised in his petition. This Court adopts the recommendations and briefly addresses issues raised in Bittinger's objections and Brewer's subsequent motions.

### B. Pleading Standard for Section 2254

Section 2254 of Title 28 allows a state inmate to challenge collaterally in federal court his conviction and sentence as contrary to "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing Section 2254 Cases sets forth the pleading requirements for such challenges:

> The petition must:
>     (1) specify all the grounds for relief available to the petitioner;
>     (2) state the facts supporting each ground;
>     (3) state the relief requested;
>     (4) be printed, typewritten, or legibly handwritten; and
>     (5) be signed under penalty of perjury by the petitioner.

Rule 2(c), Rules Governing § 2254 Cases.

The pleading standard for habeas claims "is more demanding" than an "ordinary civil case." Mayle v. Felix, 545 U.S. 644, 655 (2005). Notice pleading is not sufficient, as a habeas petitioner must instead "plead with particularity" the facts that indicate a real possibility of constitutional error in the state-court judgment. Id. at 656; see Advisory Committee's Note on Habeas Corpus Rule 4. The facts in the petition "must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Even so, "a petition filed by a *pro se* petitioner should be interpreted liberally and should be construed to encompass any allegation stating federal relief." Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994) (cleaned up and internal quotations omitted). Ultimately a habeas petition must "allege[] sufficient facts to apprise the district court and the State of a distinct basis for his claim." Harris v. Wallace, 984 F.3d 641, 647 (8th Cir. 2021).

In her objection, Bittinger contends that Grounds One, Two, and Three of Brewer's petition fail to adequately state the facts supporting each ground, and that Magistrate Judge Duffy erroneously reached the merits of each. Doc. 25 at 1. To support this argument, Bittinger cites Adams v. Armontrout, which instructs that federal courts are not required "to review the entire state court record of habeas corpus petitioners to ascertain whether facts exist which support relief." Adams, 897 F.2d at 333. Brewer's petition is distinct from the petition in Adams. The petitioner in Adams asserted six grounds for relief, but where the supporting facts were to be set forth, merely stated, "see legal files and transcripts." Id. Thus, the petitioner in Adams did not articulate a factual basis for any of the claims.

Brewer, on the other hand, filled his petition with supporting facts "to apprise the district court and the State of [the] distinct bas[es] for his claim[s]." Harris, 984 F.3d at 647. Brewer's

first ground states that his trial counsel was ineffective by failing to properly prepare and examine his own witnesses. Doc. 1 at 5. The petition articulates specific lines of questioning that witnesses were not prepared to address and identifies a question that was harmful to Brewer's defense. Id. It further indicates a page number in the trial transcript. Id. Brewer's second ground also sets forth sufficient facts to state a claim that his trial counsel was ineffective for failing to object to the state's questioning. Id. at 7, 20. Ground Two of the petition names specific objections that his trial counsel should have made and lists 35 corresponding page numbers to identify when the objections should have been made. Id. at 7, 20. Finally, Brewer's third ground also sufficiently sets forth the factual basis for a claim under Rule 2(c). Ground Three contains less factual detail than the previous two. Brewer alleges that his trial counsel was ineffective for failing to move for a mistrial on two occasions after the "prosecutor repeatedly brought up computer images that were excluded by the court." Id. at 8. Ground Three does not specify what the images were; however, the petition notes the images were excluded in a pretrial order. Id. Additionally, Ground Two references a pretrial order excluding questions regarding Charlie Brown. Because Brewer filed his petition pro se, this Court interprets the petition liberally and construes it "to encompass any allegation stating federal relief." Jones, 20 F.3d at 853. Thus, the petition sufficiently alleges that Brewer's counsel was ineffective for failing to object to questions regarding Charlie Brown images and for failing to move for a mistrial after reference to the images. The face of Brewer's petition does not need to include every factual detail necessary to grant a writ of habeas corpus but instead "must consist of sufficient detail to enable the court to determine . . . whether the petition merits *further habeas corpus review*." Adams, 897 F.2d at 334 (emphasis added); see also Mahaffey v. Ramos, 588 F.3d 1142, 1145 (7th Cir. 2009) ("While these bare facts may have been insufficient

to render Mahaffey's petition meritorious, they enabled it to be cognizable."). Here, the supporting facts set forth in Brewer's petition satisfy Rule 2(c) of the Rules Governing Section 2254 Cases.

Bittinger's argument also neglects the exhibits Brewer attached to his petition. Summary dismissal is warranted only "[i]f it plainly appears from the petition *and any attached exhibits* that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases (emphasis added); see Harris, 984 F.3d at 646–47 (holding petitioner properly pleaded a claim after considering the petition and attachment). Brewer attached several exhibits from his state case to his federal petition. Doc. 1-1. The attachments elucidate portions of the petition that at first glance might appear vague. For example, Bittinger objects that "Brewer's citations to [35 specific pages] is not enough to save it from a vagueness problem. Each of those transcript pages have multiple questions and answers, and Brewer does not specify which question or answer should have drawn an objection . . . ." Doc. 25 at 2–3. However, Brewer's petition attached a memorandum from an attorney who identified the exact portions of the trial transcript and included parentheticals explaining the conduct warranting objections:

> During the direct examination of S.J., counsel's failure to object to leading questions permitted the prosecution to shape and influence S.J.'s testimony rather than requiring her to testify from her own memory. Such leading questions occurred at the following pages/lines in the trial transcript: 61:5, 62:13-15, 65:4, 66:15-16; 67:11-12, 68:17 (identifying the penis for S.J.), 68:22-23 (making S.J. agree that they were discussing a penis), 69:7-8 (introducing the word "rub"), 70:18, 80:23-24, 81:12, 82:14-16 (trial counsel objected here, and the trial court sustained the objection, demonstrating that objections would be successful), 84:16-17, 88:12-18, 88:25-89:1, 89:9 (prosecution inserts the word "standing" into S.J.'s testimony), 89:15-16, 89:22, and pp. 116-23 (prosecution's direct examination is a series of leading questions).

Doc. 1-1 at 51 (corresponding with Brewer's assertion in Ground Two that "counsel failed to object to leading questions on pages 61, 62, 65, 66, 67, 68, 69, 70, 80, 81, 82, 84, 85, 88, 89"). The same exhibit also references the pretrial ruling regarding images on Brewer's computer:

> The trial court ruled on the notice and motion in limine at the March 9, 2017, pretrial hearing. Status Hearing / Pretrial Tr. (March 9, 2017) at 29:15-34:19. The notice specified what images would be introduced at trial, and did not include a reference to pornographic images of Charlie Brown / Peanuts characters.

Id. at 52 (corresponding with Ground Three of Brewer's petition). Accordingly, this Court overrules Bittinger's objection to the Report and Recommendation to the extent that it sought summary dismissal of Brewer's claims prior to reaching the merits on Grounds One, Two, and Three.[2]

### C. Brewer's Subsequent Motions

Two weeks after the deadline to file objections to the Report and Recommendation, Brewer filed a Motion to Object and Modify Habeas Petition, Doc. 26, and a second Motion to Appoint Counsel, Doc. 27. Even if Brewer's objection had been timely filed, his objection must be denied because it does not specify what portion of the Report and Recommendation he objects. See Thompson v. Nix, 897 F.2d 356, 357–58 (8th Cir. 1990) ("[O]bjections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation."). Instead, Brewer generally objects to "dismissal of [his] habeas" petition. Doc. 26. "[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an objection as that term is used in this context." Arteaga v. Cinram-Technicolor, No. 3:19-CV-00349, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022).

---

[2] For Grounds Two and Three, Bittinger also objects to instances where the Report and Recommendation referenced Brewer's state habeas petition when addressing Bittinger's argument Brewer's federal claims are vague. Doc. 25 at 2–3 (citing Doc. 24 at 20 n.6; id. at 23 n.8). As discussed, Brewer's petition did not warrant summary dismissal due to vagueness. Moreover, the federal court necessarily must examine the state petition to determine whether the federal claims have been properly exhausted. 28 U.S.C. § 2254(b)(1)(A), (c). Magistrate Judge Duffy's reference to the state petition did not improperly "recognize an unarticulated argument." Miller v. Kemna, 207 F.3d 1096, 1097 (8th Cir. 2000). Instead, reference to the state petition demonstrated that the federal petition was "reasonably . . . construed as raising the claim[s]." Bracken v. Dormire, 247 F.3d 699, 703 (8th Cir. 2001).

8

Brewer also requests leave to amend his petition and add within Ground One "Jeanne Brewer [and] Kendra Brewer to the list of non-prepared witnesses." Doc. 26. An application for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15(2), "[t]he court should freely give leave [to amend] when justice so requires." A court may deny a motion to amend "for various reasons, however, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." Moore-El v. Luebbers, 446 F.3d 890, 901–02 (8th Cir. 2006) (cleaned up and quotations omitted). Brewer has not made a showing that justice requires leave to amend. He has not set forth facts regarding these two witnesses to meet the pleading standard for a habeas claim making the request futile. See Mayle, 545 U.S. at 665–56. There has also been significant delay in Brewer's motion, as he had the opportunity to request leave to amend in the months before the issuance of the Report and Recommendation. Further, Bittinger would be prejudiced by granting leave to amend after the Report and Recommendation entered. Thus, Brewer's Motion to Object and Modify Habeas Petition, Doc. 26, is denied.

Finally, Brewer's second Motion to Appoint Counsel, Doc. 27, is denied for the same reasons expressed in this Court's Order Directing Service and Requiring a Response and Denying Petitioner's Motion for Appointment of Counsel, Doc. 7. This Court had access to Brewer's complete state court record and was able to thoroughly examine his ineffective assistance of counsel claims.

### D. Certificate of Appealability

When, as here, a district court denies a § 2254 motion, the movant may not appeal without a certificate of appealability. Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003). District courts cannot issue a certificate of appealability unless the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" means a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also id. (explaining that the question when a district court denies a habeas petition on procedural grounds is whether "jurists of reason would find" the district court's procedural ruling debatable). This Court declines to issue a certificate of appealability because Brewer has neither made a substantial showing of the denial of a constitutional right nor shown that the procedural bars present here are debatable.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation, Doc. 24, is adopted in full, and Bittinger's Motion for Judgment on the Pleadings, Doc. 14, is granted. It is further

ORDERED that Bittinger's Objection, Doc. 25, is overruled to the extent that it sought modification of the Report and Recommendation and summary dismissal of Brewer's petition. It is further

ORDERED that Brewer's Motion to Object and Modify Habeas Petition, Doc. 26, is granted to the limited extent that this Court considered his objection but is denied regarding the request to amend the habeas petition. It is further

ORDERED that Brewer's second Motion to Appoint Counsel, Doc. 27, is denied.

DATED this 24th day of February, 2025.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE